IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ERIC DAVIS                                                                                          PETITIONER

v.                                                                              NO. 1:13-cv-000484-DCB-MTP

HUBERT DAVIS                                                                                      RESPONDENT

### REPORT AND RECOMMENDATION

BEFORE THE COURT is the petition of Eric Davis for a writ of habeas corpus under 28 U.S.C. § 2254. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the petition be denied.

PROCEDURAL HISTORY

Petitioner Eric Davis was convicted of murder and one count of felon in possession of a firearm in the Circuit Court of Warren County, Mississippi on December 14, 2009.[1] He was sentenced to life plus five years for the murder and firearm conviction respectively. Davis filed a direct appeal of his conviction and sentence to the Mississippi Supreme Court, raising the following issues:

---

[1] The court will briefly summarize the facts of this case, which are set forth more fully in the Mississippi Court of Appeal decision affirming Davis's conviction. *Davis v. Mississippi*, 69 So.3d 45, 46 (Miss. Ct. App. 2011). Davis had a "combative relationship" with his neighbor, Helen Williams, culminating in one of Williams's "boys" threatening Davis with a gun in the days prior to the murder. Although Davis is a convicted felon, he had obtained a gun in violation of Mississippi state law. On June 25, 2008, Devin Moore approached Davis in his front yard. Moore was Williams's son, but he and Davis had never spoken before that day. At the time, Moore was on the phone with Angelica Burgess, who later testified that she heard Moore tell Davis that he did not have a problem with Davis, and that it was not him who threatened Davis with a gun a few days earlier. Davis alleges that Moore threatened to kill him and brandished a firearm, at which time Davis reached for his own gun and shot Moore a total of five times. Three of the bullets entered through Moore's back. Eyewitnesses testified they saw Davis shoot Moore as he was lying on the ground. Davis then fled the scene and disposed of the murder weapon, which was never recovered. He turned himself into the police a short time later.

> (1) The trial court erred in failing to properly instruct the jury on the defense of necessity regarding the possession of a firearm by a felon
>
> (2) The trial court erred in denying the motion for a new trial as the verdict was against the overwhelming weight of the evidence.
>
> (3) The trial court erred in failing to allow testimony as to the toxicology report showing that Devin Moore has traces of THC in his blood at the time of death.

*Davis v. Mississippi*, 69 So.3d 45, 46 (Miss. Ct. App. 2011). The Mississippi Court of Appeals affirmed the judgement of the Circuit Court in a written opinion. *Id*. Davis's motion for rehearing was denied on September 6, 2011. Davis filed an Application to Proceed in the Trial Court with a Motion for Post-Conviction Relief in the Mississippi Supreme Court on November 10, 2011, raising the follow issues:

> Ground One — Whether Petitioner was denied his fundamental rights to a fair trial where prosecutorial authorities suppressed essential facts and documents favorable to the defense from the eyes of the jurors, with obvious conflict of interest.
>
> Ground Two — Whether the trial court erred by allowing Angela Burgess to testify at trial which amounted to hearsay testimony and to "only" submit her phone records and not those of Devin Moore which were requested.
>
> Ground Three — Whether the verdict was against the overwhelming weight of the evidence (newly discovered evidence).
>
> Ground Four — Whether Petitioner's trial counsel was ineffective.[2]

The Supreme Court dismissed the application, finding that Davis's weight of the evidence claim was barred by the doctrine of *res judicata,* and that the ineffective assistance of counsel claim did not pass the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Davis's remaining

---

[2]*See* Answer, Exhibit B [10-2].

claims were found to be without merit.

Davis filed the instant petition on March 29, 2012, asserting the same grounds for habeas relief that were considered and rejected by the Mississippi Supreme Court.[3] Respondent alleges that Davis's petition fails to state a claim upon which relief can be granted and that the grounds for relief are without merit.[4] On March 20, 2013, Davis filed a Motion to Supplement Claims of Ineffective Assistance of Counsel,[5] and in his Memorandum in Support he provided two additional grounds:

(1) Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when counsel failed to adequately provide the required foundation for introduction of the medical toxicology report.

(2) Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when counsel failed to seek a mental health evaluation of defendant and offer PTSD as a defense or mitigating factor to the jury.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires the exhaustion of a claim in state court before a federal court may consider it. 28 U.S.C. § 2254(b)(1)(A). Prisoners must "give state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts;" thus, state courts must have "one full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Orman v. Cain*, 228 F.3d 616, 620 n.6 (5th Cir. 2000) (holding that a petitioner satisfies the exhaustion requirement via the pursuit of his claims through state courts either by direct appeal or

---

[3]*See* Petition [1].

[4]Respondent also asserts that this court lacks jurisdiction over the parties and subject matter [10]. Respondent does not develop this argument, however, or provide any basis for it in the answer. Therefore, this court will not consider the substance of this assertion.

[5]Davis's Motion to Supplement was granted by this court on May 10, 2013 [21].

by post-conviction proceedings).

To the extent Davis's claims were adjudicated on the merits in state court, Section 2254(d) provides that a federal court may not grant habeas relief unless the state court's adjudication of the claims:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Federal courts review pure questions of law, as well as mixed questions of law and fact, under subsection (d)(1). *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). For purposes of subsection (d)(1) analysis, "unreasonable" does not equate with "incorrect," *Garcia v. Dretke*, 388 F.3d 496, 500 (5th Cir. 2004), nor may a federal court grant habeas relief based on a mere disagreement with the state court decision. *Williams v. Cain*, 125 F.3d 269, 276-77 (5th Cir. 1997). Pure questions of fact are reviewed under subsection (d)(2). *Corwin v. Johnson,* 150 F.3d 467, 471 (5th Cir. 1998). Determination of a factual issue made by a state court is entitled to a presumption of correctness which the petitioner has the burden of rebutting by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Schriro v. Landrigan*, 550 U.S. 465, 474-74 (2007). Federal courts may decide the issues presented by the habeas petition "only to the extent that federal constitutional issues are implicated." *Smith v. McCotter*, 786 F.2d 697, 700 (5th Cir. 1986).

In Davis's petition, he asserts the same four grounds that were considered and rejected by the Mississippi Court of Appeals. The two additional bases for Davis's ineffective assistance of counsel claim contained in his Memorandum in Support are raised here for the first time and were not considered by any Mississippi state court. As discussed below, Davis is procedurally barred from

4

raising the additional ineffective assistance of counsel claims, and cannot clear the bar to federal habeas review by bringing his other claims within the narrow exceptions provided by 28 U.S.C. § 2254(d).

The Unexhausted Claims

  Failure to Lay Evidentiary Foundation and to Present Defense/Mitigating Factor

In his Memorandum in Support of Motion to Supplement Claims of Ineffective Assistance of Counsel, Davis alleges that he received ineffective assistance during trial because his attorney failed to provide the required evidentiary basis for the introduction of Devin Moore's toxicology report, and because his attorney failed to seek a mental health evaluation in order to establish that Davis suffered from Post Traumatic Stress Disorder ("PTSD").[6] Davis did not pursue these particular claims in his direct appeal or his post-conviction proceedings in state court, although he had the opportunity to do so. By failing to seek review of these issues in earlier proceedings, Davis did not "give the state courts one full opportunity to resolve any constitutional issues," and thus his claims are unexhausted. *O'Sullivan,* 526 U.S. at 845; *see also* 28 U.S.C.§ 2254 (c) (stating that an applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he ha[d] the right under the law of the State to raise, by any available procedure, the question presented.").

Because some of Davis's claims are unexhausted and others are not, he has brought what is known as a "mixed petition." The United States Supreme Court held in *Rhines v. Weber* that a court has the power to grant a stay and abeyance (so that a petitioner can properly exhaust his claims to satisfy the requirements of the AEDPA) only in limited circumstances, where there is "good cause"

---

[6]*See* Memorandum [20].

shown for the petitioner's failure to exhaust his claims in state court. 544 U.S. 269, 274 (2005). In the event good cause is shown, a stay may not be granted if the petitioner's unexhausted claims are clearly without merit. *Id.* In the present case, Davis gives no valid reason for his failure to raise his additional ineffective assistance of counsel claims in state court.[7] Furthermore, even assuming good cause exists, Davis's grounds for ineffective assistance fall short of the *Strickland* standard set forth by the Supreme Court, and thus, are without merit.[8] Therefore, these additional grounds for Davis's ineffective assistance of counsel claim are procedurally barred.

Claims Considered on Their Merits

Denial of Right to Fair Trial

In Ground One, Davis claims that he was denied the fundamental right to a fair trial, alleging the state suppressed evidence favorable to the defense. Specifically, Davis argues that the omission of the first responding officer's testimony deprived him of his constitutional right to confront those who saw the crime scene, citing *Crawford v. Washington*, 541 U.S. 36 (2004), as authority.

The Confrontation Clause prohibits out-of-court statements by witnesses that are testimonial, unless the witnesses are unavailable and defendants had a prior opportunity to cross-examine them. *Id.* at 54. In this case, the trial transcript does not reflect any attempt by prosecution witnesses to offer the statements of the first responding officers.[9] Instead, Davis appears to object

---

[7]In his Memorandum in Support [20], Davis asserts that his additional claims are timely filed according to Fed. R. Civ. P 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."). This view, however, is mistaken. Notwithstanding the procedural requirements of Rule 15(a), federal law requires that a habeas petitioner exhaust the remedies available in State courts. 28 U.S.C. § 2254(b)(1)(A).

[8]*See* discussion of *Strickland infra* and its application to the merits of Davis's unexhausted ineffective assistance of counsel claims.

[9]*See* Post-Conviction Exhibits/Transcripts [2-1].

to the total absence of the first responding officer's testimony in any form. While Davis is correct that he has a right to confront witnesses against him, he does not have any constitutional right to compel the prosecution to call any particular witnesses. *Id.* at 51. Therefore, the undersigned finds that there was no violation of the Confrontation Clause, and as such there was no denial of Davis's right to fair trial. The state court's determination in this case was neither contrary to or an unreasonable application of clearly established federal law nor an unreasonable determination of facts in light of the evidence. Habeas relief for this claim should be denied.

### Angelica Burgess's Testimony

In Ground Two, Davis argues that the trial court erred in allowing Angelica Burgess to testify at trial because her testimony amounted to hearsay. Davis also argues that the court erred in requiring only Burgess's cell phone records and not those of Devin Moore.[10] As stated above, Angelica Burgess testified that she was on the phone with Moore immediately before the shooting, and overheard Moore explaining to Davis that he had no problem with Davis, and it was not him who threatened Davis previously. *Davis*, 69 So.3d at 47. The defense objected to her testimony as hearsay, but the trial judge held that her statements were admissible as going to Davis's state of mind.[11]

When a federal court reviews state court evidentiary rulings on petition for habeas corpus, it will grant relief only if the state court error is sufficiently egregious to render the entire trial fundamentally unfair. *Mixon v. King*, No. 3:06CV498TSL-JCS, 2009 WL 2619013 at *10 (S.D. Miss., August 24, 2009)("An erroneous state evidentiary ruling may be the basis for federal habeas

---

[10]*See* Memorandum [2].

[11]*See* Answer [10].

7

corpus relief only if "the challenged evidence is a crucial, critical, or highly significant factor in the context of the entire trial."); *Edwards v. Butler*, 882 F.2d 160, 164 (5th Cir. 1989).

Mississippi Rule of Evidence 803(3) provides that a statement of the declarant's then existing state of mind is not excluded by the hearsay rule. Burgess's testimony regarding Moore's comments to Davis is hearsay if it were offered to prove that Moore in fact had no problem with Davis and that he was not the individual that had threatened Davis. MRE 801 ("Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). If offered to prove that Davis was angry or scared of Moore, however, the statement would not be hearsay, which was the ruling of the trial judge.[12] Even assuming the trial judge did make an erroneous ruling, allowing Burgess's testimony into evidence would not rise to the level of rendering "the entire trial fundamentally unfair." *Mixon*, 2009 WL 2619013 at *10. As discussed *infra*, Davis's conviction was supported by sufficient evidence notwithstanding Burgess's testimony. As for the prosecution's failure to submit Moore's cell phone records, Davis cites no authority supporting his argument that the prosecution was required to offer the records as evidence in addition to Burgess's records, which clearly show a call between her cell phone and Moore's at the time in question.[13] The undersigned finds that Davis's claims do not fall under the exceptions for habeas relief under section 2254(d). For these reasons, habeas relief for this claim should be denied.

Verdict Against the Overwhelming Weight of the Evidence

In Ground Three, Davis contends that the verdict in his case was against the overwhelming

---

[12]*Id.*

[13]*See* State Court Record [8-6].

8

weight of newly discovered evidence. Davis attached a recently discovered order authorizing payment of hotel expenses for prosecution witness Police Officer Chris Blair, as Exhibit 24[14] to his Memorandum in Support of Petition. According to Davis, the order shows that Officer Blair stayed in the same hotel as the jury during the trial. Davis argues that this was unethical, as Officer Blair "might [have] influence[d] a juror."[15]

Insufficiency of the evidence can support a claim for habeas relief only if the evidence, when viewed in the light most favorable to the State, is such that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The determination of the sufficiency of the evidence by a state appellate court is entitled to great deference. *See Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993) (citing *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir. 1985) ("Where state appellate court has conducted a thoughtful review of the evidence . . . its determination is entitled to great deference.")).

The payment order Davis offers has no relevance to the elements of the crimes – murder and felon in possession of a firearm – of which he was convicted.[16] There was considerable evidence supporting Davis's guilt. One witness testified that she was on the phone with Moore shortly before he was shot and heard him attempting to placate Davis.[17] *Davis*, 69 So.3d at 49. Several eyewitnesses testified to seeing Davis shoot Moore several times as he lay on the ground. *Id.* at 47.

---

[14]*See* Memorandum Exhibits [2-1], pg. 198.

[15]*See* Memorandum [2].

[16]Petition [1].

[17]Angela Burgess testified at trial that she heard More say: "No home boy, I don't have any beef with you," and then, "No, it wasn't me that pulled a gun on you." The line then went dead. *Davis*, 69 So.3d at 47.

Helen Williams testified that when she asked why Davis had shot her son, he responded that Moore also had a gun. *Id*. In regard to the firearm charge, Davis admitted to possessing the gun despite the state law prohibiting it. *Id.*

Davis's argument can also be characterized as an improper influence of jury claim. Supreme Court precedent holds that in a criminal case, any private communication with a juror during trial about the matter pending before the jury is presumptively prejudicial. *Remmer v. U.S.*, 347 U.S. 227, 229 (1954).The appropriate procedure in the event of improper influence or contact is for the court to hold a hearing with all interested parties in order to determine the circumstances, their impact on the jury, and whether or not it was prejudicial. *United States v. Sylvester*, 143 F.3d 923, 932 (5th Cir. 1998) (citing *Remmer*, 347 U.S. at 229-30). An important predicate to this process, however, includes a "credible allegation" of jury tampering. *Id*. In the instant case, Davis only argues that a witness on the Government witness list,[18] who did not even testify at trial, was in the same building as the jury. He does not offer any evidence of an actual instance of improper contact or influence that would result in a "credible allegation" jury tampering. *Id.*

On direct appeal, the Mississippi Court of Appeals discussed the evidence presented at trial and concluded that Davis's claim of insufficient evidence was without merit. *Id.* Viewing the evidence in the light most favorable to the State, the undersigned cannot conclude that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 219. Accordingly, the undersigned finds that the Mississippi Court of Appeal's decision was neither contrary to or an unreasonable application of clearly established federal law nor based on an unreasonable determination of facts in light of the evidence. Habeas relief on this

---

[18]Exhibit A [2-1], at 119.

claim should be denied.

### Ineffective Assistance of Counsel

#### Exhausted Claims

Davis alleges that he received ineffective assistance of counsel on the following grounds: (1) trial counsel failed to object to the prosecution's failure to call the first responding police officers; (2) trial counsel failed to object to comment made by Helen Williams concerning Devin Moore's academic achievements, which "inflame[d]" the jury; (3) his trial counsel had a close association with the Warren County District Attorney's Office that amounted to a conflict of interest; (4) counsel failed to uncover significant facts which could have altered the cross examination of Helen Williams; and (5) trial counsel failed to impeach Angela Burgess's testimony regarding her conversation with Devin Moore.[19]

The United States Supreme Court defined the standard by which an ineffective assistance of counsel claim in a habeas proceeding is to be measured in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner must show that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Id.* In order to establish deficiency, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* A petitioner must "affirmatively prove" prejudice under *Strickland*. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). In order to do so, petitioner must demonstrate the "reasonable probability" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Motley v. Collins*, 18 F.3d 1223, 1227 (5th Cir. 1994) (citing *Strickland*, 466 U.S. at 694).

---

[19]The Mississippi Supreme Court held that Davis could not meet the *Strickland* standard when he raised these issues in his motion for post-conviction relief. *See* Exhibit B, [10-2].
11

The court will first address Davis's claims in regard to his counsel's failure to object. The undersigned agrees with Respondent that the objections Davis claims his counsel should have made are without merit. First, there is no cognizable objection that trial counsel could have made regarding the prosecution's decision not to call the first responding officers. Second, the record reflects that Helen Williams only briefly mentioned that her son was in school, and made no statement regarding his academic achievements.[20]

Davis's claim that his trial counsel had a conflict of interest due to his "close relationship" with the prosecutorial office is likewise without merit. The *Cuyler* standard applies when a criminal defendant alleges that counsel's performance was impaired by an actual conflict of interest, which differs substantially from the *Strickland* standard that generally applies to Sixth Amendment ineffective assistance of counsel claims. *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000). While *Strickland* requires a showing that counsel's performance was deficient and that the deficiency changed the result of the proceedings with reasonable probability, *Cuyler* permits a defendant who raised no objection at trial to obtain relief upon a showing that an actual conflict of interest adversely affected counsel's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). An "actual conflict" exists when defense counsel is compelled to compromise his or her duty of loyalty to the accused by choosing between the divergent or competing interest of a former or current client. *See Perillo*, 205 F.3d at 781.

In the present case, Davis offers no evidence that his trial counsel had any loyalty to or any competing interest with a former or current client, other than that counsel had previously worked for the Warren County District Attorney's Office. Furthermore, Davis does not claim that his

---

[20]*See* State Court Record [8-6].

counsel worked on Davis's case or was even employed by Warren County at any point during his investigation or trial. *See Blankenship v. Johnson*, 118 F.3d 312 (holding that defendant was denied effective assistance of counsel based on counsel's conflict of interest where counsel was county attorney during defendant's appeal process). The Fifth Circuit has held that conclusory allegations with no factual basis in the record do not raise constitutional issues in habeas review. *See United States v. Jones*, 614 F.2d 80, 81 (5th Cir. 1980).

Davis's final two grounds for his ineffective assistance of counsel claim have similar flaws. His contention that trial counsel failed to investigate Helen Moore's mental disorder is conclusory, and Davis offers no explanation of its relevance or in what manner it would have altered the result of his trial so as to have any "prejudicial" effect. *Strickland*, 466 U.S. at 687. Lastly, Davis submits that trial counsel failed to impeach Angelica Burgess's testimony regarding her phone conversation with Devin Moore on the grounds that Moore's phone was not found on the scene.[21] The record does not reflect the existence or non-existence of Moore's phone at the scene, but Burgess's testimony was otherwise supported by her own phone records, which were submitted into evidence and showed a call to Moore's telephone number three minutes before police were called.[22] Thus, even if Davis's trial counsel was deficient, there is no indication that the deficiency prejudiced the defense. *Id.*

<u>The Unexhausted Claims</u>

In an abundance of caution, the undersigned will also examine the substance of Davis's unexhausted ineffective assistance of counsel claims. As previously mentioned, Davis argues he received ineffective assistance during trial because his attorney failed to provide the required

---

[21]*See* Memorandum [2].

[22]*See* State Court Record [8-6].

evidentiary basis for the introduction of Devin Moore's toxicology report, and because his attorney failed to seek a mental health evaluation in order to establish that Davis suffered from PTSD.

Devin Moore's toxicology report indicated the presence of marijuana in his system at the time of his death, and that he was also in possession of small amount of "green vegetable material."[23] Davis argues that the report, combined with the fact that Moore possessed a gun, supports the inference that Moore was the aggressor. To support this claim, Davis argues that his attorney's attempt, but ultimate failure, to admit the toxicology report was "without excuse," because "[federal] law is filled with reference to the increased violence associated with drug users and drug dealers that possess guns."[24] Davis cites, *inter alia*, Application Note 11, USSG, § 2D1.1, 18 U.S.C.A, which states in the pertinent part, "The enhancement for weapon possession . . . reflects the increased danger of violence when drug traffickers possess weapons."[25]

The undersigned concludes Davis has not established that his "counsel's performance was deficient" so as to fall short of the "counsel guaranteed . . . by the Sixth Amendment. *Strickland,* 466 U.S. at 687. The federal laws Davis cites do not support the conclusion that Moore had a propensity for violence. He presents no evidence now, nor presented any at trial, indicating that Moore was a drug dealer or that the marijuana found in Moore's system had any effect on his propensity for violence.[26] The failure of Davis's trial counsel to make an argument not supported by facts does not

---

[23]*See* Memorandum, Exhibit A [20-1].

[24]Memorandum [20], at 5.

[25]*See id.* at 5-6.

[26]In his direct appeal, Davis argued that the trial court erred in disallowing Davis's toxicology report, as opposed to his present claim that his counsel was ineffective due to his lack of success in admitting the report. The Mississippi Court of Appeals held that the trial court properly refused to allow the evidence, reasoning that Davis failed to offer any evidence

14

render counsel deficient. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."); *see also Robison v. Johnson*, 151 F.3d 256, 261 (5th Cir. 1998) (holding that there was nothing deficient regarding trial counsel's failure to seek admission of a document that the state court concluded was inadmissable).

Finally, Davis claims that his trial counsel was ineffective in failing to seek a mental health evaluation on his behalf in order to establish that Davis suffered from Post Traumatic Stress Disorder ("PTSD"). Davis argues that because the Mississippi Court of Appeals found that he lived in a "combative environment"[27] with his neighbor, his trial counsel should have been aware of "significant scholarly work on the effects of urban violence on certain segments of the population" that would support an inference that Davis suffers from PTSD.[28] This is relevant, Davis contends, to his state of mind at the time of the shooting and also as a mitigating factor during his sentencing.

This argument is defective on several grounds. First, the Mississippi Court of Appeals did not find that Davis lived in "combative environment;" rather, the court stated that Davis had a "combative relationship" with his neighbor, Helen Moore. *Davis*, 60 So.3d at 46.[29] Second, the articles Davis cites do not suggest that he himself suffers from PTSD, nor does he make the assertion that trial counsel should have known that Davis suffered from any mental condition. The Fifth

---

showing that smoking marijuana increases a person's propensity for violence generally. *Davis*, 69 So.3d at 49-50.

[27]Memorandum [20], at 8.

[28]*Id.* Davis cites "Cycle of Violence in Urban Environments Frequently a Result of Undiagnosed Emotional and Mental Trauma," U.S. Medicine, 2010, and "PTSD as a Criminal Defense: A Review of Case Law," J. Am. Acad. Psychiatry Law 40:509-21, 2012.

[29]In addition, this description of Davis's relationship with his neighbor occurred on appeal and not at trial.

Circuit has held that a trial counsel's failure to discover and present evidence that defendant suffered from PTSD does not constitute ineffective assistance of counsel where counsel had no reason to suspect the existence of PTSD. *Easley v. Dretke*, 122 Fed. App'x 124, 128 (5th Cir. 2005). For these reasons, Davis's trial counsel cannot be held to be "deficient" as required by *Strickland*.

The undersigned finds that Davis has not demonstrated that the decision affirming the trial court's ruling on this issue is contrary to or involves an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence. Habeas relief on Davis's ineffective assistance of counsel claim should thus be denied.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Davis's petition for writ of habeas corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d

1415, 1428-29 (5th Cir. 1996).

    THIS, the 3rd day of September, 2014.

                                               s/ Michael T. Parker  
                                               United States Magistrate Judge