```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    SOUTHERN DIVISION
```

ERIC DAVIS                                               PETITIONER

VS.                         CIVIL ACTION NO. 1:13-cv-484(DCB)(MTP)

HUBERT DAVIS                                             RESPONDENT

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

This cause is before the Court on the petitioner Eric Davis's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (docket entry 1), and his memorandum in support thereof (docket entry 2), the respondent Hubert Davis's response to the petition (docket entry 10), the petitioner's rebuttal (docket entry 12), the petitioner's supplemental claims set forth in his motion for leave to supplement (docket entry 19) and memorandum (docket entry 20), the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 22)**, and the petitioner's objections thereto (docket entry 23). Having carefully considered all the matters before the Court and the applicable law, and being fully advised in the premises, the Court finds as follows:

Eric Davis, an inmate with the Mississippi Department of Corrections, brings this action under 28 U.S.C. § 2254. On December 14, 2009, the petitioner was convicted of murder and one count of felon in possession of a firearm in the Circuit Court of Warren County, Mississippi. He was sentenced to life plus five years for the murder and firearm conviction respectively. Davis

filed a direct appeal of his conviction and sentence to the Mississippi Supreme Court, raising the following issues:

(1) The trial court erred in failing to properly instruct the jury on the defense of necessity regarding the possession of a firearm by a felon;

(2) The trial court erred in denying the motion for a new trial as the verdict was against the overwhelming weight of the evidence; and

(3) The trial court erred in failing to allow testimony as to the toxicology report showing that Devin Moore (the victim) had traces of THC in his blood at the time of death.

See Davis v. Mississippi, 69 So.3d 45, 46 (Miss. Ct. App. 2011). The Mississippi Court of Appeals affirmed the judgment of the Circuit Court on May 31, 2011, and denied a motion for rehearing on September 6, 2011.

On November 10, 2011, Davis filed an Application to Proceed in the Trial Court with a Motion for Post-Conviction Relief in the Mississippi Supreme Court, raising the following issues:

(1) Whether the petitioner was denied his fundamental rights to a fair trial where prosecutorial authorities suppressed essential facts and documents favorable to the defense from the eyes of the jurors, with obvious conflict of interest;

(2) Whether the trial court erred by allowing Angela Burgess to testify at trial which amounted to hearsay testimony and to "only" submit her phone records and not those of Devin Moore which were requested;

(3) Whether the verdict was against the overwhelming weight of the evidence (newly discovered evidence); and

(4) Whether the petitioner's trial counsel was ineffective.

The Mississippi Supreme Court dismissed the application, finding that Davis's weight of the evidence claim was barred by the

doctrine of res judicata, and that the ineffective assistance of counsel claim did not pass the standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).  Davis's remaining claims were found to be without merit.

Davis filed the instant petition on March 29, 2012, asserting the same grounds for habeas relief that were considered and rejected by the Mississippi Supreme Court.  In addition, on March 20, 2013, he filed a Motion to Supplement Claims of Ineffective Assistance of Counsel, and in his Memorandum in Support he provided two additional grounds:

(1) Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when counsel failed to adequately provide the required foundation for introduction of the medical toxicology report; and

(2) Petitioner received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when counsel failed to seek a mental health evaluation of defendant and offer PTSD as a defense or mitigating factor to the jury.

In his thorough and well-reasoned Report and Recommendation, Magistrate Judge Parker addresses each of the petitioner's claims, finds them to be without merit, and recommends that the petition be dismissed.  Davis's petition asserts the same four grounds that were considered and rejected by the Mississippi Court of Appeals. The two additional bases for Davis's ineffective assistance of counsel claim are raised in his petition for the first time and were not considered by any Mississippi state court.  Davis is procedurally barred from raising the additional ineffective

3

assistance of counsel claims, and cannot clear the bar to federal habeas review by bringing his other claims within the narrow exceptions provided by 28 U.S.C. § 2254(d). Thus, some of Davis's claims are unexhausted. He gives no valid reason for his failure to raise his additional ineffective assistance of counsel claims in state court; furthermore, his grounds for ineffective assistance of counsel fall short of the Strickland standard. Magistrate Judge Parker finds that Davis's unexhausted and exhausted claims are without merit, and the Court agrees with the reasoning of the Report and Recommendation. The petitioner's objections do not present any arguments that would warrant deviation from the course recommended by the Magistrate Judge.

Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation **(docket entry 22)** of Magistrate Judge Michael T. Parker is hereby adopted as the findings of this Court;

FURTHER ORDERED that the relief requested in the petitioner's Petition is DENIED and the Petition is DISMISSED WITH PREJUDICE.

A final judgment dismissing the Petition in accordance with Rule 58 of the Federal Rules of Civil Procedure shall follow.

SO ORDERED, this the 6th day of November, 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE